CARY & MOEN CO. *v.* McKEY.

*(Circuit Court, N. D. Illinois. January 6, 1890.)*

1. CONTRACTS—PUBLIC POLICY.
   A declaration averred that W., being solvent, and in no expectation of insolvency, in order to secure an extension for payment of a debt, and to obtain credit in a further amount, gave plaintiff judgment notes for $10,000; that, by agreement of plaintiff and W., the notes were deposited for plaintiff's benefit with T.; that defendant, who was W.'s attorney, and knew his financial condition, and was present at the time as W.'s counsel, agreed that, "in case W. should become involved in financial troubles, or endeavor to secure other creditors," he would notify T., in order that he might cause judgment to be entered on the notes; that five months afterwards, by the advice of defendant, W. made an assignment under the laws of Illinois for the benefit of his creditors, under which assignment his creditors received only 95 per cent. of their claims; that for a month prior to the assignment defendant knew W. was in financial difficulties, but failed and refused to notify plaintiff or T., thus preventing judgment from being entered upon the notes. *Held,* that the declaration showed a right of action against defendant, and was not demurrable on the ground that the agreement between plaintiff and defendant was contrary to public policy.

2. INSOLVENCY—PREFERENCES.
   The common-law right of an embarrassed or insolvent debtor to prefer one or more creditors to the exclusion of all others still exists in Illinois, except as restricted by the statute governing voluntary assignments.

At Law. On demurrer to declaration.

*Sheldon & Sheldon,* for plaintiff.

*James R. Doolittle,* for defendant.

GRESHAM, J. The declaration avers that in November, 1888, H. W. Wetherell, a merchant of Chicago, was indebted to the plaintiff, for goods

sold and delivered, in the sum of $6,870.63; that he was then solvent, and continued to be solvent for more than five months thereafter; that he was possessed of property largely in excess of his debts, and had no expectation of insolvency; that in order to obtain an extension of the time of payment of his debt to the plaintiff, and credit for the further sum of $3,129.47, he executed and delivered to the plaintiff his judgment notes for $10,000, payable one day after date, which notes, by agreement between the plaintiff and Wetherell, were deposited for the the plaintiff's benefit with E. B. Tolman, of Chicago; that the defendant, who for some time had been Wetherell's attorney, and was familiar with his business and financial standing, was present as Wetherell's counsel at the time the notes were executed, and agreed, "in case said Wetherell should at any time thereafter become involved in any financial troubles, or should endeavor to secure any other creditors," that he would immediately notify Tolman, in order that he might at once cause judgment to be entered on the notes; that on May 2, 1889, by the advice of the defendant, Wetherell executed a deed of assignment, he being then insolvent, by which he conveyed to an assignee all of his property for the benefit of creditors, in accordance with the statute of Illinois governing assignments by insolvent debtors, under which assignment the plaintiff and other creditors have received not more than 25 per cent. of their demands against Wetherell, and cannot receive more; that, for more than 30 days prior to the assignment, the defendant well knew the financial difficulties in which Wetherell was involved, and yet failed and refused to notify either the plaintiff or Tolman of the same, and thereby prevented judgment from being entered in the plaintiff's favor upon the notes deposited with Tolman; and that, if the defendant had given prompt notice of Wetherell's condition, judgment would have been entered against him in time to secure a lien upon property amply sufficient to have paid the entire amount due the plaintiff.    Judgment is demanded for $10,000.

The defendant demurred to the declaration, and in support of the demurrer his counsel urged that the contract set out in the declaration provided for a secret lien, of which the other creditors were ignorant, and that the defendant was not bound to observe a contract which obliged him to do what was contrary to public policy, and in violation of the statute of Illinois governing voluntary assignments.    The demurrer is based upon a misapprehension of the averments in the declaration. The common-law right of an embarrassed, or even an insolvent, debtor to prefer one or more creditors to the exclusion of all others still exists in Illinois, except as it is restricted by the statute which governs voluntary assignments.    By that statute, assignments by insolvents of all their property are required to be for the equal benefit of all creditors. Preferences in such instruments are expressly prohibited.    There is nothing in that or any other statute of the state which makes it illegal for a person involved in financial trouble to secure a creditor by a mortgage or other lien upon all, or only part, of his property.    Certainly it is not illegal in this state for a debtor possessed of property largely in excess of all his liabilities, with no expectation of insolvency, to execute and

deliver to one of his creditors, or to a third party for the creditor's benefit, a judgment note for the amount due, upon which judgment may be entered in case the debtor thereafter "becomes involved in any financial troubles, or endeavors to secure any other creditors." In order to obtain further extension upon his existing indebtedness, and additional credit, Wetherell executed the notes, and he and the defendant entered into the agreement with the plaintiff. Wetherell was then solvent, and remained so for more than five months thereafter. The defendant then was, and for some time had been, Wetherell's counsel, and, as such, had become acquainted with his business affairs, and would, presumably, continue to be acquainted with them. It was not contemplated that Wetherell would become insolvent, and the defendant stood in such a relation to him that the latter would not probably become involved in any financial trouble without the defendant's knowledge, for which reason the plaintiff naturally accepted and relied upon the defendant's agreement to inform Tolman, should anything thereafter occur which would make it Tolman's duty to the plaintiff to cause judgment to be entered upon the notes. If, in pursuance of the agreement, judgment had been entered before Wetherell's insolvency, there could have been no doubt of its binding force. If judgment had been entered after Wetherell became insolvent, and the plaintiff had demanded the entire assets in payment, a question might have arisen between the plaintiff and the other creditors. But we are not dealing with a controversy between the creditors of Wetherell. The defendant's agreement was part of the consideration for which the plaintiff extended the time of payment, and granted additional credit to Wetherell; and, instead of keeping his agreement as the defendant should have done, he deliberately broke it, and now endeavors to escape liability on the ground that the arrangement entered into at the time the notes were executed was contrary to law. Courts cannot be expected to regard with favor such defenses, especially when set up by members of the bar. It is not at all probable that Wetherell became insolvent in a day, or that the defendant was kept ignorant of the embarrassments that preceded ultimate insolvency. By failing to give timely notice to Tolman, the defendant violated his agreement, for which the plaintiff has a right of action. What will be the proper measure of damages need not now be considered. The demurrer is overruled.